IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


GREGORY LEE McCALL,

                    Plaintiff,

          v.                          CASE NO.  07-3101-SAC

KANSAS DEPARTMENT
OF CORRECTIONS, et al.,

                    Defendants.

                    O R D E R

          This civil rights complaint was filed pursuant to 42 U.S.C.
1983 by an inmate of the United States Penitentiary, Leavenworth,
Kansas.  Plaintiff has also filed an Application to Proceed Without
Prepayment of Fees (Doc. 2).  Having examined the materials filed
the court finds as follows.

          Plaintiff names as defendants the Kansas Department of
Corrections (KDOC), the Kansas Secretary of Corrections, the Warden
at HCF, and several state prison employees.  Plaintiff is now
serving a federal sentence, but alleges his claims arose while he
was an inmate of the KDOC confined at the El Dorado Correctional
Facility (EDCF) and the Hutchinson Correctional Facility (HCF).
Plaintiff claims that while he was in state prison he was denied
access to his legal files and materials necessary to prepare and
mail his petitions when he "was a pro se litigant in both state and
federal civil and criminal actions," his commissary account was
frozen, he was not allowed a full twenty minutes to eat in the

cafeteria, defendant Goss was verbally abusive to him in the cafeteria at HCF, and defendant Hayden was verbally abusive and threatened him while he was in segregation.  Plaintiff also complains about disciplinary action taken against him at HCF for an incident in the cafeteria, and alleges he was denied procedural due process[1].  He also claims he was illegally detained "past his statutory maximum release date[2]" and contrary to the state court sentencing order because at the time of the disciplinary proceedings he had only eight months left to serve.

Plaintiff asserts that the verbal abuse and his placement in segregation were "racially motivated."  He also asserts that the

---

[1]

In support of this claim, he alleges an altercation occurred between him and Correctional Officer Goss on February 17, 2005, over plaintiff not being allowed "the required 20 minutes from the time he sat down to eat his noon meal."  Plaintiff states he was taken to segregation, and on February 18, 2005, appeared before an Administrative Segregation Review Board (ASRB) made up of several named defendants.  He further alleges he was denied the opportunity to "explain his version of the incident" by defendant VanHoose; and he requested staff and inmate witnesses and the video tape of the chow-hall incident, but defendants Hurt and MacDonnell denied his right to call witnesses and to present documentary evidence.  He finally alleges defendant MacDonnell conducted a disciplinary hearing on February 25, 2005, found him guilty based only upon the reporting officer's testimony, and imposed a sanction of forfeiture of 180 days of earned good time. He appealed the findings and decisions, but defendants Bruce and Werholtz denied his appeals allegedly "without viable reasons."

[2]

He asserts he had a liberty interest in his earned good time so that it could not be legally forfeited.  He argues that "only unearned good time is subject to forfeiture based upon misconduct during a (classification) review period," and since Kansas inmates are awarded 21 days good conduct credit per review period, only that amount was subject to forfeiture.

Plaintiff seeks money damages only on  his claims regarding the disciplinary incident.  He does not ask that the disciplinary action be overturned.  It appears from his allegations that he is no longer in custody on the state sentence from which the good time credit was forfeited.  If plaintiff were seeking restoration of forfeited good time credits on a state sentence and speedier release, he would have to proceed by petition for writ of habeas corpus, 28 U.S.C. §§ 2241, 2254, after having fully exhausted state court remedies.  The same would be true if he were actually seeking to have his state sentence recalculated to reflect an earlier release date.

threats by defendant Hayden and the alleged denial of access to the courts by other defendants were cruel and unusual punishment and racial discrimination.  He claims his not being allowed the full time to eat violated his right to equal protection, and amounted to cruel and unusual punishment as well as racial discrimination.  He alleges in connection with the disciplinary proceedings and his segregation, that he was subjected to false imprisonment and illegal detention, double jeopardy, and violation of his rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments as well as the Kansas Constitution.  Plaintiff alleges that defendants acted "with malicious intent with the purpose to inflict mental distress."

Mr. McCall asks the court to declare that inmates have a constitutionally protected right of access; he was entitled to due process in his disciplinary proceedings; the failure of defendants Werholtz and Bruce to grant him relief on his administrative appeals of the disciplinary action and to properly train and supervise KDOC employees violated his constitutional rights; and all defendants are obligated to obey laws and are liable if they do not.  Plaintiff seeks punitive and compensatory damages "in excess of $75,000," and for each day he was illegally held past his statutory maximum release date[3].

---

[3]

Plaintiff also suggests in his prayer for relief that defendants "caused federal deprivations in the calculations of a federal sentence."  No facts whatsoever are alleged to support this allegation, which should be raised by a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241.  No showing is made that administrative remedies at the USPL have been exhausted on such a claim.

Section 1915(g) of 28 U.S.C. provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Id. Mr. McCall has previously been designated a three-strikes litigant under Section 1915(g). Federal records reflect that he has filed two cases in this court and one in the United States District Court for the Western District of Missouri which were dismissed for failure to state a claim for relief or as legally frivolous[4]. He is therefore required to "pay up front for the privilege of filing . . . any additional civil actions," unless he can show "imminent danger of serious physical injury." 28 U.S.C. 1915(g); Jennings v. Natrona County Detention Center, 175 F.3d 775, 778 (10th Cir. 1999); see also Ibrahim v. District of Columbia, 463 F.3d 3, 6 (D.C. Cir. 2006)("Congress enacted the PLRA primarily to curtail claims brought by prisoners under 42 U.S.C. 1983 and the Federal Tort Claims Act, most of which concern prison conditions and many of which are routinely dismissed as legally frivolous."); Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996)(citing legislative history); In re Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997). None of the facts alleged by plaintiff suggests that he is

---

[4] The cases identified as the basis of this designation are McCall v. Johnson County Sheriff Department, Case No. 02-3184-GTV (D.Kan. 2/24/03)(Dismissed for failure to state a claim for relief), aff'd, 71 Fed.Appx. 30, 2003 WL 21716433 (10th Cir. 2003); McCall v. Keefe Supply Company, Case No. 02-3185-GTV (D.Kan. 2/24/03)(Dismissed for failure to state a claim for relief), aff'd, 71 Fed.Appx. 779, 2003 WL 21716435 (10th Cir. 2003); and McCall v. Whipple, Case No. 03-00015-FJG (W.D.Mo. 2/11/03)(Dismissed as frivolous).

in imminent danger of serious physical injury. Accordingly, Mr. McCall may proceed in this action only if he pays the filing fee of $350.00 for filing a civil complaint.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's application for leave to proceed in forma pauperis (Doc. 2) is denied; he is granted thirty (30) days in which to submit the $350.00 filing fee; and failure to pay the full filing fee within that time will result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Dated this 3rd day of May, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge